[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11604
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:08-cv-02049-MAP

SUSAN SCHARBER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 31, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Susan Scharber appeals from the magistrate judge's order affirming the

Commissioner's denial of her application for a period of disability, disability insurance benefits, and supplemental security income, 42 U.S.C. §§ 405(g), 1383(c)(3). Scharber argues that because her past relevant work was more like that of a "child monitor" than a "teacher's aide," the Administrative Law Judge ("ALJ") should have classified her as a "child monitor," which dictated a finding that she was disabled.

We review the ALJ's ruling, not the district court's judgment. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1282 (11th Cir. 2004). Where the ALJ denies benefits and the Appeals Council denies review of that decision, we review the decision of the ALJ as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We do not reweigh evidence, decide facts anew, or make credibility findings. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). We review the entire record to determine whether the decision was supported by substantial evidence. *Id.* Substantial evidence is more than a scintilla, *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997), but less than a preponderance, and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion," *Moore*, 405 F.3d at 1211.

The issue is whether substantial evidence supports the ALJ's finding that given Scharber's residual functional capacity ("RFC"), Scharber could perform her

past relevant work as a teacher's aide as actually performed or as generally performed in the national economy. The Social Security regulations set forth the following five-step "sequential evaluation" process to determine whether a claimant is disabled: (1) the disability examiner determines whether the claimant is engaged in "substantial gainful activity"; (2) if not, the examiner decides whether the claimant's condition or impairment is "severe," *i.e.*, whether it significantly limits the claimant's physical or mental ability to do basic work activities; (3) if so, the examiner decides whether the claimant's impairment meets or equals the severity of the specified impairments in the Listing of Impairments ("Listing"), thereby precluding any gainful work activity; (4) if the claimant has a severe impairment that does not meet or equal the severity of an impairment in the Listing, the examiner assesses a claimant's RFC, which measures whether a claimant can perform past relevant work despite the impairment; (5) if the claimant is unable to do past relevant work, the examiner determines whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other work. *See Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. §§ 404.1520(c)-(f), 416.920(c)-(f).

A claimant seeking disability benefits bears the burden of proving that she cannot perform her past relevant work either as she performed it or as it is

3

generally performed in the national economy. 20 C.F.R. §§ 404.1520(f), 404.1560(b)(3). If the ALJ finds that the claimant cannot perform the functional demands and duties of her past job as she actually performed it, he will consider whether the claimant can perform the functional demands and duties of the occupation as generally required by employers throughout the national economy. *See* SSR 82-61, 1982 WL 31387 (1982). An ALJ may rely on information contained in the Dictionary of Occupational Titles ("DOT") to determine whether a claimant can perform her past relevant work as it is generally performed in the national economy. *Id.*

The Dictionary of Occupational Titles describes the duties of the two jobs that are at issue. A "teacher's aide" is classified as light work, and involves any combination of the following duties in a classroom to assist teaching staff in elementary or secondary education: (1) taking attendance; (2) grading homework and tests; (3) distributing teaching material to students; (4) maintaining order within a school and on school grounds; (5) operating learning aids; (6) preparing requisitions for library material and stockroom supplies; and (7) typing material and operating duplicating equipment to reproduce instructional materials. *See* Dictionary of Occupational Titles Listing No. 249.367-074. A "child monitor" is classified as medium work, and involves any combination of the following duties

4

to attend to children in a private home: (1) observing and monitoring play activities; (2) amusing children by reading to or playing with them; (3) preparing and serving meals or formulas; (4) sterilizing bottles; (5) dressing or assisting children dress and bathe; (6) accompanying children on walks or other outings; (7) washing and ironing clothing; (8) keeping children's quarters clean and tidy; and (9) cleaning other parts of the home. *See* Dictionary of Occupational Titles Listing No. 301.677-010. A child monitor may also be classified as an infant's nurse or a babysitter. *See id.*

As an initial matter, Scharber does not dispute the ALJ's finding that she had the RFC to perform a full range of light work. Rather, her sole contention on appeal is that the ALJ should have examined her work duties and should have concluded that she was a "child monitor" instead of a "teacher's aide." The crucial difference between the two is that the child monitor is classified as medium work while the teacher's aide is classified as light work.

Substantial evidence supports the ALJ's determination that Scharber could perform her actual past relevant work as a teacher's aide. In her work history report, Scharber reported that she had to walk for 2 hours per day, stand for 4 hours per day, sit, kneel, and grab or grasp for 1 hours per day, and lift up to 20 pounds. The ALJ found, and Scharber does not contest, that Scharber had the

RFC to occasionally lift and/or carry up to 20 pounds, frequently lift and/or carry 10 pounds, and sit and stand/walk for 6 hours out of an 8-hour workday. Although Scharber's work history report indicated that she frequently lifted 25 pounds, substantial evidence supports the ALJ's finding that Scharber's past work, as actually performed, could be done by someone with her RFC. Notably, although she selected 25 pounds on her work history report, she did not have the option to check a box for any amount of weight between 10 and 25 pounds. Moreover, Scharber's past relevant work matched the RFC of occasionally lifting 20 pounds, given that she (1) only lifted in the 1- or 2-year-old room, but not when she was with the 3- or 4-year-olds; (2) lifted the 1-year-olds only to put them in high chairs for feeding, onto changing tables for changing diapers, or onto playground equipment; and (3) lifted 2-year-olds only onto playground equipment.

We hold that substantial evidence supports the ALJ's determination that Scharber could perform her past relevant work as actually performed. Because substantial evidence supports the ALJ's finding that Scharber actually could perform her past relevant work, we will not consider whether the ALJ properly classified Scharber as a "teacher's aide," instead of as a "child monitor," when determining if Scharber could perform the job as generally performed in the national economy.

Accordingly, upon review of the record and consideration of the parties'

briefs, we affirm the Commissioner's decision.

**AFFIRMED.**